

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF VIRGINIA
### Richmond Division

**ANGELA MAYFIELD,**

       **Plaintiff,**

v.

CASE NO. *3:07CV509*

**NAVY FEDERAL CREDIT UNION**

      **SERVE: Secretary of Commonwealth**
              **111 East Broad Street, 4th Floor**
              **Richmond, VA 23219**

      **Defendant**

## COMPLAINT

COMES NOW the Plaintiff, **ANGELA MAYFIELD**, (hereafter the "Plaintiff") by counsel, and for her Complaint against the Defendants, she alleges as follows:

## INTRODUCTION

1.    This case involves the impermissible access to and use of credit reports by the Defendant and its failure to provide a lawful notice of adverse action.

## JURISDICTION

2.    This lawsuit, being brought pursuant to the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq.* ("FCRA") and the Equal Credit Opportunity Act ("ECOA").

3.    Venue is proper as Defendant maintains its registered office within the boundaries for the Eastern District of Virginia, Richmond Division.

## PARTIES

4.    The Plaintiff is a consumer as governed by FCRA.

5.    At all times relevant hereto Defendant was a user of consumer reports as that concept is contemplated in the FCRA, 15 U.S.C. § 1681b(f).

## JURISDICTION

6.   This lawsuit, being brought pursuant to the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq* and the Equal Credit Opportunity Act, 15 U.S.C. §§ 1691 *et seq*, presents federal questions and as such, jurisdiction arises under 28 U.S.C. §§ 1331, 1337.

7.   This court may exercise supplemental jurisdiction over the related state law claims arising out of the same nucleus of operative facts which give rise to the Federal law claims under 28 U.S.C. § 1367.

## PARTIES

8.   The Plaintiff is a consumer as governed by FCRA and ECOA.

9.   Defendant is a financial institution doing business in the State of Virginia.  At all times relevant hereto it was a "creditor" as defined and governed by the ECOA (15 U.S.C. §1691a(e)).

## FACTS

10.   On or about May 26, 2006, the Plaintiff met with a salesperson at Hall Auto.  Defendant, through Hall Auto, obtained and accessed the Plaintiff's credit report on that date and later used it to consider the Plaintiff's loan application and attempt to purchase and finance an automobile, all without the permission of Plaintiff.

11.   On June 22, 2006, June 23, 2006 and July 14, 2006, NFCU accessed the Equifax credit report of Plaintiff.

## COUNT ONE: VIOLATION OF FAIR CREDIT REPORTING ACT

12.   Plaintiff reiterates and incorporates the preceding allegations as if fully set out herein.

13.   Plaintiff alleges that NFCU willfully violated the FCRA, 15 U.S.C. §1681b(f) by obtaining and using her consumer credit reports when it did not do so for a permissible purpose.

14.   In the alternative of a willful violation, NFCU's violations were negligent.

2

15. As a result of the above alleged FCRA violations, Plaintiff has suffered substantial actual damages in the loss of her rights to determine the basis for credit denials and to improve her credit, her loss of the credit itself, frustration, anger, humiliation, fear, embarrassment and other emotional and mental anguish.

16. As a result of these FCRA violations, NFCU is liable to Plaintiff, for statutory damages from $100.00 to $1,000.00 pursuant to 15 U.S.C. §1681n(a)(1)(A) and liable for actual damages pursuant to 15 U.S.C. §1681n and §1681o if the amount of actual damages is greater than the statutory amount; Defendant is also liable for punitive damages with regard to Plaintiff pursuant to 15 U.S.C. §1681n(a)(2), and for attorneys fees and costs pursuant to §1681n and §1681o.

## COUNT ONE: VIOLATION OF THE EQUAL CREDIT OPPORTUNITY ACT

17. Plaintiff reiterates and incorporates the preceding allegations as if fully set out herein.

18. Defendant violated the ECOA by failing to provide to the Plaintiff any accurate notice of action taken upon Plaintiff's application for credit.

19. Defendant violated the ECOA by failing to provide to the Plaintiff any accurate written notice of adverse action taken upon Plaintiff

20. Defendant violated the ECOA by failing to provide to the Plaintiff the disclosures required by the ECOA, 15 U.S.C. §1691(d) (2) (b).

21. As a result of the above alleged ECOA violations, Plaintiff has suffered substantial actual damages in the loss of her rights to determine the basis for credit denial, her loss of the credit itself, frustration, anger, humiliation, fear, embarrassment and other emotional and mental anguish.

22. As a result of the above ECOA violations, NFCU is liable to Plaintiff for her actual damages pursuant to 15 U.S.C. §1691(e)(a), for punitive damages of $10,000.00,, as to Plaintiff, pursuant to 15 U.S.C. §1691e(b), and for attorneys fees and costs pursuant to

3

15 U.S.C. §1691e(d).

23. Plaintiff is entitled to equitable relief against NFCU, requiring delivery of compliant notices in all future instances.

## COUNT TWO: VIOLATION OF FAIR CREDIT REPORTING ACT

24. Plaintiff reiterates and incorporates the preceding allegations as if fully set out herein.

25. The failure of Defendant to send an adverse action notice to Plaintiff on each credit denial or termination decision willfully violated the Fair Credit Reporting Act, 15 U.S.C. §1681m.

26. In the alternative to the allegation that no notices were sent to Plaintiff, she alleges that any notices sent do not comply with the Fair Credit Reporting Act, 15 U.S.C. §1681m.

27. If Defendant's credit decisions were based on information other than information obtained from a credit reporting agency, then Defendant willfully violated the FCRA by failing to provide the notice required by §1681m(b) to the Plaintiff.

28. Plaintiff alleges that Defendant willfully violated the FCRA, 15 U.S.C. §1681b(f) by obtaining and using her consumer credit reports when they did not do so for a permissible purpose.

29. In the alternative of a willful violation, the Defendant's violations were negligent.

30. As a result of the above alleged FCRA violations, Plaintiff has suffered substantial actual damages in the loss of her rights to determine the basis for credit denials and to improve her credit, her loss of the credit itself, frustration, anger, humiliation, fear, embarrassment and other emotional and mental anguish.

31. As a result of these FCRA violations, the Defendant is liable to Plaintiff, for statutory damages from $100.00 to $1,000.00 pursuant to 15 U.S.C. §1681n(a)(1)(A), or jointly and severally liable for actual damages pursuant to 15 U.S.C. §1681n and §1681o if the amount of actual damages is greater than the statutory amount; Defendant is also individually liable for punitive damages with regard to Plaintiff pursuant to 15 U.S.C.

§1681n(a)(2), and for attorneys fees and costs pursuant to §1681n and §1681o.

32.     Plaintiff is entitled to equitable relief against NFCU, requiring delivery of compliant

FCRA notices in all future instances and/or enjoining its impermissible use of consumer

credit reports.

WHEREFORE Plaintiff prays for judgment against the Defendant for actual, liquidated,

punitive and statutory damages, for equitable and declaratory relief; for attorneys fees and the

costs of litigation; for pre-judgment and post-judgment interest; and for such other and further

relief as the Court deems just and appropriate.

**TRIAL BY JURY IS DEMANDED**.

ANGELA MAYFIELD,

By_____
                    Counsel

LEONARD BENNETT, ESQ.
VSB# 37523
12515 Warwick Boulevard, Suite 100
Newport News, Virginia 23606
757/930-3660
757/930-3662 Fax